FILED
CHARLOTTE, N.C.

APR - 8 2009

U.S. DISTRICT COURT
W. DIST. OF N.C.

# UNITED STATES DISTRICT COURT
for the
Western District of North Carolina

| | |
|---|---|
| United States of America<br>v.<br>Damien Maurice Cabble<br><br>*Defendant* | )<br>)<br>) Case No. 3:09 mj 106<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of  04/02/2009  in the county of  Union  in the  Western  District of North Carolina , the defendant violated  21  U. S. C. §  841(a)(1) , an offense described as follows:

it shall be unlawful for any perosn knowingly or intentionally to distribute and possess with intent to distribute a controlled substance, that is, at least 50 grams of a mixture and substance containing a detectable amount of cocaine base, commonly referred to as "crack cocaine," a Schedule II controlled substance.

This criminal complaint is based on these facts:

See Attachemnt "A"

☑ Continued on the attached sheet.

_____
*Complainant's signature*

S/A Brent Vossekuil
*Printed name and title*

Sworn to before me and signed in my presence.

Date: April 8, 2009

_____
*Judge's signature*

City and state:  Charlotte, NC  David C. Keesler, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT OF**
Special Agent Brent J. Vossekuil
Bureau of Alcohol, Tobacco, Firearms and Explosives
Charlotte, North Carolina

1. I, Brent J. Vossekuil, being duly sworn, depose and state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since September 2005. Prior to becoming a Special Agent with ATF, I was employed by the State Attorney's Office in the 4th Judicial Circuit of Florida. I hold a Bachelor of Arts Degree in the field of Business Management from Pennsylvania State University. I also state that I am a graduate of the Federal Law Enforcement Training Center and a graduate of the ATF National Academy in Glynco, Georgia. My primary duties involve the investigation of Federal Firearms violations and the associated use of firearms in violent crime and narcotics violations. I am currently assigned by ATF to the Charlotte II Field Office, which is responsible for multiple counties in the Western Judicial District of North Carolina.

2. This affidavit is based on not only the observations of your Affiant, but also the observations of officers of the Monroe Police Department and Union County Sherriff's Office.

3. On January 6, 2009, an ATF Confidential Informant (CI) 162 was debriefed about an individual known to him as "P-Low." P-Low was later identified as Damien Maurice Cabble, B/M, DOB: 12-2-82, FBI# 945986TB0. CI-162 stated he has purchased cocaine from Cabble on numerous

occasions in the past. CI-162 stated he has seen various firearms in the possession of Cabble and knows Cabble to always have firearms around him while dealing narcotics.

4. Certified documents obtained from the Union County Clerk of Court reflect the following felony convictions for Damien Cabble. On February 5, 2002, Union County, North Carolina, Cabble was convicted of three counts of Possession With Intent to Sell and Deliver Marijuana.

5. On April 2, 2009, at the direction of Sgt. Goforth, Monroe Police Department, and in the presence of your affiant, the Confidential Informant placed a consensually recorded telephone call to Damien Cabble. During the conversation, the Confidential Informant arranged to meet Cabble at 7521 White Store Rd., Marshville, North Carolina, to purchase two ounces of crack cocaine.

6. On April 2, 2009, Detective David McCallister conducted a search of the Confidential Informant's person and vehicle, and determined that he/she was not in possession of any firearms, illegal substances, or money. Sgt. Goforth gave the Confidential Informant $2000.00 official funds to be used to purchase two (2) ounces of crack cocaine from Cabble. Sgt. Goforth equipped the Confidential Informant with an audio and video recorder and audio transmitter.

7. On April 2, 2009, Sgt. Goforth recorded and consensually monitored a meeting between the Confidential Informant and Damien Cabble at 7521 White Store Rd., Marshville, North Carolina. A Monroe Police Officer, acting in an undercover capacity, observed the Confidential Informant enter the living space above the garage on the premises of 7521 White

Store Rd. The Confidential Informant gave Cabble $2000 official funds and Cabble gave the Confidential Informant approximately 58 grams of crack cocaine, including packaging. The crack cocaine was field tested and tested positive for cocaine.

### Conclusion

Based on the above stated facts, your Affiant has reason to believe that, on April 2, 2009, Damien Maurice Cabble was in violation of Title 21, United States Code, Section 841(a)(1) to wit: to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense a controlled substance.

Further your Affiant sayeth naught.

_____
Brent J. Vossekuil, Special Agent

Assistant United States Attorney Cortney Escaravage reviewed this affidavit on April 7, 2009

Sworn to before me this 8th of April, 2009

_____
Honorable David C. Keesler
United States Magistrate Judge
Charlotte, North Carolina